UNITED STATES of America, Plaintiff,

v.

LINEN SUPPLY INSTITUTE OF GREATER NEW YORK, Inc., Central Coat, Apron & Linen Service, Inc., Consolidated Laundries Corporation, General Linen Supply & Laundry Co., Inc., Modern Silver Linen Supply Co., Inc., Standard Coat, Apron & Linen Service, Inc., Louis Gordon, Harry Kessler, Charles Maslow, Fred S. Radnitz, and Sam Spatt, Defendants.

United States District Court
S. D. New York.
May 7, 1957.

See also 18 F.R.D. 452.

Richard B. O'Donnell, John D. Swartz, Morris F. Klein, Richard Owen, Paul D. Sapienza, Floral Park, N. Y., for plaintiff.

Laporte & Meyers, New York City, Jules E. Yarnell, New York City, of counsel, for defendants Standard Coat, Apron & Linen Service, Inc., and Charles Maslow.

Arnold Bauman, New York City, for defendants General Linen Supply & Laundry Co., Inc. and Fred S. Radnitz.

Myron P. Gordon, New York City, for defendants Linen Supply Institute of Greater New York, Inc. and Harry Kessler.

Halperin, Natanson, Shivitz, Scholer & Steingut, New York City, Harry J. Halperin, Samuel L. Scholer, New York City, of counsel, for defendant Modern Silver Linen Supply Co., Inc.

SUGARMAN, District Judge.

On April 6, 1955, plaintiff commenced suit against the defendants in this court, charging violations of the antitrust laws in the New York area. Contemporaneously therewith the plaintiff commenced another suit in the District Court for the District of New Jersey, charging other defendants with similar violations in the New Jersey area. At about the same time a criminal indictment was returned by the Grand Jury for the Southern District of New York against the defendants in the New York civil suit and a criminal information was filed in the District of New Jersey against the defendants in the New Jersey civil suit.

In the fall of 1956, in preparation for trial of the criminal information in New Jersey, it became evident to the government that instead of two separate conspiracies between more or less interlocking defendants there was but a single conspiracy encompassing the defendants in New York and New Jersey.

In January of 1957, on that new evidence, the Grand Jury for the Southern District of New York returned a superseding indictment charging the one overall conspiracy in the two states, naming as defendants the New York and New Jersey defendants previously severally named in the two prior proceedings.

The plaintiff now moves pursuant to F.R.Civ.P. 15(a) and 21, 28 U.S.C.A. and 15 U.S.C.A. § 5 for leave to file an amended complaint in the pending New York civil action and to add parties thereto.

The conservation of money, time, effort and manpower that will inure to both litigants and the court militates in favor of the exercise of the court's discretion that the motion be granted. The measure of prejudice or hardship necessary to preclude the exercise of such discretion is lacking herein.

Accordingly, the motion is granted and the defendants are directed to serve their answers to the amended complaint, leave for the filing of which is hereby granted, within 20 days after the entry of an order herein. Settle order.